UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BHUPINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>BRIAN ENGLISH, SAMUEL OLSON, KRISTI NOEM,<br><br>Respondents. | CAUSE NO. 3:25-CV-962-DRL-SJF |

ORDER TO SHOW CAUSE

Bhupinder Singh, an immigration detainee, by counsel, filed a habeas corpus petition under 28 U.S.C. § 2241(a) alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Mr. Singh alleges he is a native and citizen of India who arrived at an airport in New York, New York, on January 28, 1993. He was placed into exclusion proceedings with the immigration court in New York, and granted an authorized period of stay through the Family Unity Program that was valid for one year. Based upon this grant of an authorized stay, Mr. Singh was released from detention and eventually moved to Wisconsin. He did not appear for his exclusion hearing in May 1993 and was ordered excluded in absentia by an immigration judge in New York.

In August 2025, Mr. Singh was detained by U.S. Immigration and Customs Enforcement ("ICE") in Wisconsin following a traffic stop during which the officer checked his immigration status and discovered the outstanding exclusion order.

Mr. Singh filed a Motion to Reopen the Exclusion Proceedings in September 2005, which was granted on or about October 8, 2025, and acted to cancel the exclusion order that was the basis for his detention. He has a master calendar hearing scheduled for December 1, 2025, before the Indianapolis Immigration Court.

Mr. Singh argues his continued detention without a bond hearing while his removal proceedings are pending violates immigration law and due process. He argues that he is wrongfully classified under the mandatory detention provisions in 8 U.S.C. § 1225(b)(2), but he is actually entitled to a bond hearing under the discretionary detention system in 8 U.S.C. § 1226(a).

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, review is limited to the issue whether statutory authority exists for Mr. Singh's detention or if the detention is otherwise unlawful.

Mr. Singh asks the court to order a response within three days, as specified in 28 U.S.C. § 2243. Section 2243 is not controlling, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Couts; *Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir.1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Under the circumstances here, three days is unwarranted, but a short deadline is appropriate.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Director of the Chicago ICE Field Office at the Office of General Counsel; (d) the Secretary of the U.S. Department of Homeland Security at the Office of General Counsel; and (e) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email or otherwise deliver a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS the respondents listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries; and

(4) ORDERS the respondents to file a response to the petition by **December 1, 2025**, with the reply due **December 5, 2025**.

SO ORDERED on November 21, 2025

                                                s/ Damon R. Leichty  
                                              JUDGE  
                                              UNITED STATES DISTRICT COURT